STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
WAYNE MARVEL, JR., DEFENDANT-APPELLANT.

Argued September 24, 1969—Decided December 15, 1969.

*Miss Cynthia M. Jacob,* Assistant Deputy Public Defender, argued the cause for the appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Raymond R. Trombadore,* First Assistant Prosecutor, argued the cause for the respondent (*Mr. Michael R. Imbriani,* Somerset County Prosecutor, attorney).

PER CURIAM: In 1966 the Somerset County Grand Jury returned a two-count indictment which charged the defendant with having uttered forged checks, one in the sum of $157.80

and another in the sum of $155.40. He first pleaded not guilty but later retracted and entered guilty pleas. His counsel at that time referred to the fact that the defendant had previously been evaluated "psychologically and psychiatrically at the Menlo Park Diagnostic Center". He submitted a letter from the Center and requested that it be turned over to the Probation Department in connection with its presentence investigation. The trial court advised that this would be done and that a further psychiatric evaluation of the defendant would be made and would become part of the presentence report.

The Probation Department's very comprehensive presentence report noted, among many other items, that the checks which the defendant had forged were stolen from a former employer of the defendant and that the defendant had "a lengthy prior record and has been incarcerated at various institutions for approximately fifteen out of the past eighteen years for various offenses." The defendant was examined at the Diagnostic Center and its report was duly attached to the Probation Department's presentence report. When the defendant came before the trial court for sentencing, his counsel referred to the defendant's prior record and asked that the defendant be given "the benefit of an exhaustive psychiatric or psychological testing treatment and what have you to see if there is any reason for what happened to this young man." Speaking on his own behalf the defendant referred to the fact that he had been drinking during the period when he forged the checks and he asked for consideration. The trial court imposed a sentence of four to six years on each count, the sentences to run concurrently.

The defendant appealed to the Appellate Division which affirmed his convictions and sentences. Its *per curiam* soundly and summarily disposed of the points raised on appeal. In addition it referred to a prior denial of a motion by the defendant for permission to inspect the presentence report and, citing *Williams v. New York,* 337 *U. S.* 241, 69 *S. Ct.* 1079, 93 *L. Ed.* 1337 (1949), rejected the defendant's contention

that this violated due process. Thereafter the defendant filed a petition for certification which we granted (53 *N. J.* 269 (1969)) so that the issue relating to the nondisclosure of the presentence report could be considered along with *State v. Kunz,* 55 *N. J.* 128 (1969).

After hearing oral argument we directed that a copy of the presentence report be forwarded to the Public Defender who appeared for the defendant. Thereafter the Public Defender advised us that the defendant had read the report and "for the most part" did not dispute its factual statements although he did refer to certain alleged minor inaccuracies and made comments which might be described as "factors in mitigation of sentence." Accepting the substance of what the defendant now says on his own behalf it is inconceivable that it would have moved the trial court to lessen the sentence. The defendant wrote to the trial court requesting a reduction of sentence and in response the sentencing judge said: "I feel that making the sentences 'concurrent' instead of 'consecutive' was the only consideration that could be shown you in view of your record." In a further letter the sentencing judge advised the defendant that "[y]our sentence was imposed as a result of your past record." That record in its material aspects remains substantially undisputed.

In the light of the foregoing we are satisfied that the defendant suffered no prejudice whatever from the earlier denial of his motion for disclosure of the presentence report. The legal and policy issues presented in the Public Defender's brief on the defendant's behalf are sufficiently dealt with in *State v. Kunz, supra,* and need not be discussed here.

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.